[No. C. D. 1050. *En Banc.* July 2, 1928.]

*In the Matter of the Proceedings for the Disbarment of* HENRY MADIGAN.[1]

[1] ATTORNEY AND CLIENT (7)—GROUNDS FOR DISBARMENT—FRAUD—DECEIT. Findings warrant the suspension of an attorney for the period of two years, where it appears that he failed upon demand, to report or to remit for a collection made, and perpetrated a fraud on the court in divorce proceedings by altering the return of service.

Proceedings filed in the supreme court January 26, 1928, for the disbarment of an attorney, upon the findings of the state board of law examiners against the accused. Order of suspension entered.

*The Attorney General* and *L. B. Donley, Assistant,* for the state.

*G. E. Lovell,* for accused.

FRENCH, J.—Henry Madigan, an attorney at law, was charged by a complaint filed with the state board of bar examiners, with certain unprofessional conduct. There was also filed a supplemental complaint. The specific acts charged against Mr. Madigan in the complaint and supplemental complaint were that he made certain changes in the date of a verification of a com-

[1]Reported in 268 Pac. 1119.

plaint, and in the return of service in a divorce proceeding; that he had collected a small sum of money for a woman client, retained the money and had failed to advise her of the fact that he had made the collection, and that in a certain matter pending in court he had been guilty of unprofessional conduct in filing a bond purporting to have been executed by one Flanders, when in truth and fact Flanders did not execute the bond.

Various hearings were had by the board, and a voluminous mass of testimony was taken. The board filed its findings and have recommended that Mr. Madigan be suspended from the practice of the law for a period of two years.

The matter now comes before this court for final determination.

[1] A reading of the voluminous record convinces us that the findings of the board that the defendant was guilty of unprofessional conduct in at least two particulars, and grossly careless and negligent to an extent which permitted the perpetration of a fraud upon the court, is abundantly supported by the greater weight of credible testimony.

The settling of a $25 collection for $15, and retaining the money without notifying his client of the collection and settlement, although she had in the meantime called on him several times in relation to the matter; making no attempt to remit to her a portion of the money collected, although he knew her address and telephone number, until after she had, through a reputable attorney, believing Mr. Madigan had abandoned the matter, commenced an action to collect the same, thus incurring costs and then first learning that the collection had been made, was reprehensible in the extreme. To be a party to, and to permit such a fraud to be perpetrated on the court as was done in the

divorce proceeding was likewise reprehensible. The circumstances surrounding the facts contained in this charge, however, are of such a nature that, standing alone, probably deserved no more than a reprimand.

On the third charge Mr. Madigan's testimony is unsatisfactory in the extreme, and the testimony of his principal witness on this charge is even more so. It taxes the credulity of one reading the record to believe the story as detailed by these witnesses. No good purpose can be served by setting forth the testimony in detail. In view of this record, we think the board has been extremely lenient in its recommendations.

The findings of the state board of bar examiners are approved and Mr. Madigan will be suspended in accordance with the recommendation of the board for a period of two years.

All concur.